IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Bee Creek Photography, | § § § |
| Plaintiff, | § Case No: 5:23-cv-00086 § |
| v. | § § **COMPLAINT** |
| Exquisite Property Services, LLC, | § § |
| Defendant. | § DEMAND FOR JURY TRIAL § |

Plaintiff Bee Creek Photography ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against Defendant Exquisite Property Services, LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein creates photographic images and owns the rights to these images which Plaintiff licenses for various uses including online and print publications.

3. Defendant owns and operates a business account on Alignable named as "Exquisite Property Services, LLC" (the "*Business Account*").

4. Defendant owns and operates a social media account on Facebook named as "@exquisitepropertyservicessa" (the "*FB Account*").

5. The Business Account and FB Account (hereinafter collectively referred to as the "*Accounts"*) are associated with Defendant.

6. Defendant, without permission or authorization from Plaintiff actively copied, stored, and/or displayed Plaintiff's Photograph on the Accounts and engaged in this misconduct

1

knowingly and in violation of the United States copyright laws.

**PARTIES**

7. Plaintiff, Bee Creek Photography is a Texas company and maintains a principal place of business in Travis County, Texas.

8. Upon information and belief, Defendant Exquisite Property Services, LLC, is a Texas limited liability company with a principal place of business at 1270 North Loop 1604 East, STE 1201, San Antonio in Bexar County, Texas.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

10. This Court has personal jurisdiction over Exquisite Property Services, LLC because it maintains its principal place of business in Texas.

11. Venue is proper under 28 U.S.C. §1391(a)(2) because Exquisite Property Services, LLC does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

**FACTS COMMON TO ALL CLAIMS**

12. Plaintiff is a professional photographer by trade who is the legal and rightful owners of photographs which Plaintiff licenses to online and print publications.

13. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

14. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

15. Plaintiff's photographs are original, creative works in which Plaintiff's own protectable copyright interests.

16. Exquisite Property Services, LLC is the registered owner of the Accounts and is responsible for their content.

17. Exquisite Property Services, LLC is the operator of the Accounts and is responsible for their content.

18. The Accounts are popular and lucrative commercial enterprises.

19. The Accounts are monetized in that they redirect traffic to Defendant's property management services and, upon information and belief, Defendant profits from these activities.

20. On August 27, 2018, Plaintiff authored a photograph of the San Antonio Skyline at dusk (the "*Photograph*"). A copy of the Photograph is attached hereto as Exhibit 1.

21. Plaintiff applied to the USCO to register the Photograph on or about November 2, 2018 under Application No. 1-7100018771.

22. The Photograph was registered by the USCO on November 2, 2018 under Registration No. VA 2-125-494.

23. On April 7, 2022 Plaintiff first observed the Photograph on the FB account as a background image on September 1, 2020 and on the Business Account as a profile picture. Copies of the screengrab of the Accounts including the Photograph is attached hereto as Exhibit 2.

24. The Photograph was displayed at URL: https://www.alignable.com/san-antonio-tx/exquisite-property-services-llc.

25. The Photograph was displayed on Facebook at https://www.facebook.com/exquisitepropertyservicessa/?ref=page_internal.

26. Without permission or authorization from Plaintiff, Defendant volitionally selected,

3

copied, stored and/or displayed Plaintiff copyright protected Photograph as is set forth in Exhibit "1" on the Accounts.

27. Upon information and belief, the Photograph was copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter collectively as the "*Infringements*" and singularly as the "*Infringement*").

28. Each Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

29. Each Infringement contains a copy of the majority of Plaintiff's original image that was directly copied and stored by Defendant on the Accounts.

30. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Accounts, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Photograph.

31. Upon information and belief, the Photograph was willfully and volitionally posted to the Accounts by Defendant.

32. Upon information and belief, the Infringement were not posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

33. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States Copyright Laws.

34. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Accounts and exercised and/or had the right and ability to exercise such right.

35. Upon information and belief, Defendant monitors the content on its Accounts.

36. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

37. Upon information and belief, the Infringements increased traffic to the Accounts and, in turn, caused Defendant to realize an increase in its business revenues.

38. Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Accounts.

39. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

40. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

41. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

### FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

42. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

43. The Photograph is an original, creative work in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

44. Plaintiff has not licensed Defendant the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyrights to Defendant.

45. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

46.     Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

47.     Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Photograph of the Plaintiff without Plaintiff's consent or authority, by using it in the infringing articles on the Accounts.

48.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

49.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

50.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## **JURY DEMAND**

51.     Plaintiff hereby demands a trial of this action by jury.

## **PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed upon Plaintiff's

rights to the Photograph in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

    a. finding that Defendant infringed upon Plaintiff's copyright interest in the Photograph by copying and displaying without a license or consent;

    b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

    d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

    e. for pre-judgment interest as permitted by law; and

    f. for any other relief the Court deems just and proper.

DATED: January 24, 2023

**SANDERS LAW GROUP**

By:   */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
333 Earle Ovington Blvd., Suite 402,
Uniondale, New York 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 125414

*Attorneys for Plaintiff*