IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| BEE CREEK PHOTOGRAPHY, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Case No.:  5:23-cv-00086-DAE-HJB |
| § | |
| EXQUISITE PROPERTY SERVICES, § | |
| LLC, § | |
| Defendant. § | |

**DEFENDANT EXQUISITE PROPERTY SERVICES, LLC'S
FIRST AMENDED ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Exquisite Property Services, LLC ("Exquisite"), named Defendant in the above-entitled cause, and pursuant to Federal Rule of Civil Procedure 15(a)(1)(A) files its First Amended Answer to Plaintiff Bee Creek Photography's ("Plaintiff's") Original Complaint, and would respectfully show the Court the following:

**INTRODUCTION**

1. Exquisite admits that Plaintiff has sued for copyright infringement.

2. Exquisite lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of Plaintiff's Complaint and therefore denies them.

3. Exquisite denies the allegations in Paragraph 3 of Plaintiff's Complaint.

4. Exquisite denies the allegations in Paragraph 4 of Plaintiff's Complaint.

5. Exquisite admits the allegations in Paragraph 5 of Plaintiff's Complaint.

6. Exquisite denies the allegations in Paragraph 6 of Plaintiff's Complaint.

**PARTIES**

7. Exquisite lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of Plaintiff's Complaint and therefore denies them.

8. Exquisite admits the allegations in Paragraph 8 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

Exquisite hereby reiterates and incorporates herein by reference each and every response to the allegations contained in the preceding paragraphs as if fully set forth herein.

9. Exquisite admits that this Court has subject matter jurisdiction over the subject matter.

10. Exquisite admits that this Court has personal jurisdiction over Defendant.

11. Exquisite admits that venue is proper in the Western District of Texas.

## FACTUAL ALLEGATIONS

Exquisite hereby reiterates and incorporates herein by reference each and every response to the allegations contained in the preceding paragraphs as if fully set forth herein.

12. Exquisite lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of Plaintiff's Complaint and therefore denies them.

13. Exquisite lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of Plaintiff's Complaint and therefore denies them.

14. Exquisite lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of Plaintiff's Complaint and therefore denies them.

15. Exquisite lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of Plaintiff's Complaint and therefore denies them.

16. Exquisite denies the allegations in Paragraph 16 of Plaintiff's Complaint.

17. Exquisite denies the allegations in Paragraph 17 of Plaintiff's Complaint.

18. Exquisite denies the allegations in Paragraph 18 of Plaintiff's Complaint.

19. Exquisite denies the allegations in Paragraph 19 of Plaintiff's Complaint.

20. Exquisite lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 of Plaintiff's Complaint and therefore denies them.

21. Exquisite lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 of Plaintiff's Complaint and therefore denies them.

22. Exquisite lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of Plaintiff's Complaint and therefore denies them.

23. Exquisite lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 of Plaintiff's Complaint and therefore denies them.

24. Exquisite lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of Plaintiff's Complaint and therefore denies them.

25. Exquisite admits the allegations in Paragraph 25 of Plaintiff's Complaint.

26. Exquisite denies the allegations in Paragraph 26 of Plaintiff's Complaint.

27. Paragraph 27 contains legal conclusions to which no response is required. Exquisite lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 27 of Plaintiff's Complaint and therefore denies them.

28. Paragraph 28 contains legal conclusions to which no response is required. Exquisite lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 28 of Plaintiff's Complaint and therefore denies them.

29. Exquisite lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 of Plaintiff's Complaint and therefore denies them.

30. Exquisite denies the allegations in Paragraph 30 of Plaintiff's Complaint.

31. Exquisite denies the allegations in Paragraph 31 of Plaintiff's Complaint.

32. Paragraph 32 contains a reference to a definition of "user" which is not contained in 17 U.S.C. §512(c) to which no response is required. Exquisite lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 32 of Plaintiff's Complaint and therefore denies them.

33. Exquisite denies the allegations in Paragraph 33 of Plaintiff's Complaint.

34. Exquisite denies the allegations in Paragraph 34 of Plaintiff's Complaint.

35. Exquisite denies the allegations in Paragraph 35 of Plaintiff's Complaint.

36. Exquisite denies the allegations in Paragraph 36 of Plaintiff's Complaint.

37. Exquisite denies the allegations in Paragraph 37 of Plaintiff's Complaint.

38. Exquisite denies the allegations in Paragraph 38 of Plaintiff's Complaint.

39. Exquisite denies the allegations in Paragraph 39 of Plaintiff's Complaint.

40. Exquisite denies the allegations in Paragraph 40 of Plaintiff's Complaint.

41. Exquisite denies the allegations in Paragraph 41 of Plaintiff's Complaint.

## FIRST COUNT

42. Exquisite hereby reiterates and incorporates herein by reference each and every response to the allegations contained in the preceding paragraphs as if fully set forth herein.

43. Exquisite lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 of Plaintiff's Complaint and therefore denies them.

44. Exquisite lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 44 of Plaintiff's Complaint and therefore denies them.

45. Paragraph 45 contains legal conclusions to which no response is required. Exquisite denies that it willfully violated any alleged rights of Plaintiff. Exquisite lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 45 of Plaintiff's Complaint and therefore denies them.

46. Exquisite denies the allegations in Paragraph 46 of Plaintiff's Complaint.

47. Exquisite denies the allegations in Paragraph 47 of Plaintiff's Complaint.

48. Paragraph 48 contains legal conclusions to which no response is required. Exquisite denies that it profited from any alleged infringement of Plaintiff's rights. Exquisite

lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 48 of Plaintiff's Complaint and therefore denies them.

49. Paragraph 49 contains legal conclusions to which no response is required. Exquisite denies that Plaintiff should be awarded any attorney's fees or costs.

50. Paragraph 50 contains legal conclusions to which no response is required. Exquisite denies that Plaintiff should be granted injunctive relief.

## JURY DEMAND

51. Exquisite is not required to admit or deny Plaintiff's request for a trial by jury, however, Exquisite denies that Plaintiff is entitled to a jury on issues that are determined as a matter of law.

## FURTHER ANSWER AND/OR AFFIRMATIVE DEFENSES

Exquisite provides the following as further answer and, alternatively, affirmative defenses to the extent Defendant is charged with the burden of proof:

1. Exquisite hereby reiterates and incorporates herein by reference each and every response to the allegations contained in the preceding paragraphs as if fully set forth herein.

2. Exquisite's conduct was innocent, non-infringing, and not a willful infringement of copyright.

3. Plaintiff's claims for relief are barred by the "Fair Use Doctrine" pursuant to Section 107 of the Copyright Act, 17 U.S.C. §107.

4. Plaintiff has engaged in one or more acts that have misused its copyrights including but not limited to having wrongfully attempted to extend the scope of the limited monopoly granted by the Copyright Act.

5. Plaintiff failed to notify Exquisite of its claims before filing suit and has refused reasonable offers of settlement by which any alleged infringement of its rights would be fully compensated, and therefore the court should exercise its equitable discretion to deny

Plaintiff's claim for attorney's fees and costs and to award Exquisite its attorney's fees and costs. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994).

6. Exquisite denies Plaintiff is entitled to judgment and denies Plaintiff is entitled to any of the relief requested in Plaintiff's Prayer.

7. Plaintiff's complaint fails to state a claim for relief.

8. Plaintiff lacks standing.

9. Plaintiff's asserted work lacks sufficient originality to justify copyright protection.

10. There is no signed transfer to Plaintiff as required to support its copyright claim.

## **PRAYER**

WHEREFORE, HAVING ANSWERED HEREIN, Defendant, Exquisite Property Services, LLC denies each and every allegation or prayer for relief not specifically addressed above, and respectfully prays that the true facts be ascertained, that it be relieved from any and all liability in connection with this lawsuit, that Plaintiff take nothing by his causes of action, that it be discharged with its costs, and that it be granted such other and further relief, both at law and in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

RILEY & RILEY,
ATTORNEYS AT LAW

By: */s/ Charles Riley*
Charles Riley
Texas Bar No. 24039138
320 Lexington Ave.
San Antonio, Texas 78215-1913
Tel. (210) 225-7236
Fax. (210) 227-7907
charlesriley@rileylawfirm.com
***Attorney for Defendant***

**CERTIFICATE OF SERVICE**

      I certify that on the 27th day of March, 2023 a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Craig B. Sanders  
Sanders Law Group  
333 Earle Ovington Blvd., Suite 402  
Uniondale, New York 11553  
Telephone: 516.203.7600  
Email: csanders@sanderslaw.group  
***Attorney for Plaintiff***

                                            */s/ Charles Riley*  
                                            CHARLES RILEY